UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH GALLAGHER,                                    13-CV-804-LJV-MJR
                                                     DECISION AND ORDER
                              Plaintiff,

          v.


GREGORY DERKOVICZ, et. al.,

                              Defendants.

---

This case has been referred to the undersigned by Hon. Lawrence J. Vilardo for

all pre-trial matters, including the determination of non-dispositive motions. (Dkt. No. 56)

Before the Court is plaintiff's motion for appointment of counsel, and his requests for an

extension of time to respond to defendants' motion for summary judgment and the

scheduling of a telephone conference with the Court.[1]  (Dkt. No. 64)

There is no constitutional right to the appointment of counsel in civil cases.

However, pursuant to 28 U.S.C. §1915(e)(1), the Court may appoint counsel to assist

indigent litigants.  *See e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate,*

*Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  The decision to appoint counsel lies clearly within

the Court's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

Indeed, the Court must consider the issue of appointment carefully, for "every

assignment of a volunteer lawyer to an undeserving client deprives society of a

volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co.*, 877 F.2d

---

[1]  Defendants sent a letter to the Court on September 1, 2016 indicating that they have no objection to the appointment of counsel or request for an extension of time to respond to the summary judgment motion.

170, 172 (2d Cir. 1989).

The factors a Court is to consider in deciding whether to appoint counsel include: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his or her claims; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (4) the indigent's ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). *See also Cooper*, 877 F.2d 172 (appointment of counsel is not necessary for "every case that survives a motion to dismiss").

In light of these factors, the appointment of counsel is not warranted at this time. Plaintiff, who was incarcerated when this motion was made, states that he is in need of counsel because of the "overbearing and extreme restrictions imposed by [the] facility". Plaintiff explains that he cannot have any contact with individuals in prison or on parole and that he has a lack of legal materials and resources available. While the Court recognizes that an incarcerated *pro se* litigant may encounter more difficulties in pursuing his or her case than a *pro se* litigant who is not incarcerated, this, in itself, is not a valid reason for the appointment of counsel. If it were, every inmate involved in a civil lawsuit would be entitled to the appointment of counsel. Moreover, plaintiff has been able to present his case thus far and has demonstrated an understanding of both the legal process and the procedural requirements of this Court. He has filed an easy

to understand complaint, made numerous discovery requests and motions to compel

discovery, sought and obtained extensions of time and participated in oral argument.

The Court further finds that in light of plaintiff's filings and participation to date as well

as the arguments raised by defendants in their motion for summary judgment, which do

not involve highly complex factual or legal issues, plaintiff is capable of adequately

responding to defendants' motion.  For these reasons, plaintiff's motion for appointment

of counsel is denied, without prejudice to plaintiff's ability to re-apply for appointment of

counsel or the Court's ability to *sua sponte* re-examine this issue should the case move

beyond the summary judgment stage.

Plaintiff requests, in the alternative, that the Court suspend the scheduling of

responses to defendants' motion for summary judgment until his "release from

confinement in October of this year".  Plaintiff also requests that the Court hold a

"telephone conference hearing" for purposes of oral argument.  The Department of

Corrections and Community Supervision website indicates that plaintiff was "released to

another agency" on November 25, 2014.  The Court presumes that the agency in

question is the Central New York Psychiatric Center, which is the most recent address

the Court has on file for plaintiff.[2]  In light of plaintiff's statement that he will be released

in October at which time it will be easier for him to "secure witnesses and evidence", the

Court will grant an extension of time for plaintiff to respond to defendants' summary

judgment motion through December 2, 2016.  Defendants shall file a reply on or before

---

[2]  Plaintiff is reminded of his ongoing obligation to inform the Court of any changes of address. Therefore, if plaintiff has been released, or at which time he is released, plaintiff must provide the Court with his current address.

December 16, 2016.  No telephone conference or oral argument is needed at this time.

After receiving a response and reply to the pending summary judgment motion, the

Court will determine whether oral argument is necessary as to that motion.

In sum, plaintiff's motion for appointment of counsel is denied without prejudice,

plaintiff shall respond to defendants' motion for summary judgment on or before

December 2, 2016, and defendants shall file a reply on or before December 16, 2016.

Oral argument will be scheduled, if deemed necessary, at the discretion of the Court.


**SO ORDERED.**


DATED:      October 17, 2016
            Buffalo, New York


                                    /s/ Michael J. Roemer
                                    MICHAEL J. ROEMER
                                    UNITED STATES MAGISTRATE JUDGE