UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH GALLAGHER, 05-B-2914,

                Plaintiff,                13-CV-804(LJV)(MJR)
                                                               ORDER

    v.

OFFICER GREGORY DERKOVICZ, et al.,

                Defendant.
_____

On December 23, 2015, the Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 56. On March 8, 2016, this case was reassigned from Judge Arcara to the undersigned. Docket Item 57.

On August 19, 2016, the defendants moved for summary judgment, Docket Item 63, and on February 27, 2017, the plaintiff belatedly responded to the defendants' motion, Docket Item 68.

On February 28, 2017, Judge Roemer issued a Report and Recommendation finding that the defendants' motion should be granted. Docket Item 67. After receiving the plaintiff's late submission, Judge Roemer issued an Amended Report, Recommendation, and Order, considering the plaintiff's late filing but reaching the same conclusion. Docket Item 69 (March 21, 2017). The parties did not object to the Report and Recommendation—or to the Amended Report, Recommendation, and Order—and the time to do so now has expired. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's Report and Recommendation; his Amended Report, Recommendation, and Order; and the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to grant the defendants' motion for summary judgment.

Judge Roemer correctly concluded that there are issues of fact as to whether the plaintiff failed to exhaust his administrative remedies only because the plaintiff had been threatened and therefore effectively prevented from doing so. Because the plaintiff's admitted failure to exhaust administrative remedies may have resulted from the unavailability of those remedies as a result of intimidation, Judge Roemer correctly found that questions of fact precluded summary judgment.

But Judge Roemer also correctly concluded that even if the plaintiff's claims are accepted as true in all respects, the alleged use of force here does not establish a violation of Gallagher's Eighth Amendment rights. The plaintiff testified that one defendant pushed him against a wall and punched him once with a closed fish on the left side of the face, Docket Item 63-5 at 39-40, while the other defendant physically

blocked his exit, *id.* at 41.  The only injury the plaintiff alleges was "[r]edness on the side of my face" that lasted "maybe a day.  Maybe a day or two.  Maybe just that day.  I'm not sure."  *Id.* at 43.  In fact, the plaintiff stated that he suffered only "slight recognition pain" and that the injury was "humiliation more than anything else and the fact that I . . . didn't do anything wrong."

The plaintiff's allegations simply do not rise to the level of a constitutional violation. As Judge Roemer recognized, the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."  *Whitley v. Albers,* 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Docket Item 67 at 13.  The force that the plaintiff alleges in this case—a push, a punch, and a blocked exit—is *de minimis* for Eighth Amendment purposes.  *See Evans v. Balmer*, 2017 WL 1106939 (W.D.N.Y. Mar. 24, 2017) (granting summary judgment for *de minimis* alleged force when plaintiff claimed that he was punched once in the eye, resulting in swelling of the eye); *Jackson v. Monin*, 2016 WL 3661942, at *1 (W.D.N.Y. July 11, 2016) (granting summary judgment when plaintiff alleged that he was grabbed, slapped, and shoved because alleged force was, at most, *de minimis*); *McEachin v. Bek*, 2012 WL 1113584, at *7 (W.D.N.Y. Apr. 2, 2012) (finding inmate's allegations that he was struck three times with a closed fist *de minimis*) (citation omitted).[1]

---

[1] The Court notes that Gallagher's sole physical injury—fleeting redness to the side of his face—although not the ultimate inquiry in an excessive-force analysis, is relevant in determining that the quantum of alleged force used against him was *de minimis*.  *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *see also id.* at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.") (quoting *Hudson v. MicMillian*, 503 U.S. 1, 9 (1992)).

3

Although the plaintiff's allegations, if true, might be good reason to discipline the prison guards who administered such inappropriate and improper force to prisoners under their charge, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Therefore, and for the reasons stated in the Report and Recommendation and in the Amended Report, Recommendation, and Order, the defendant's motion for summary judgment (Docket Item 63) is GRANTED; the complaint (Docket Item 1) is dismissed; and the Clerk of the Court is instructed to close this case.

SO ORDERED.

Dated: April 24, 2017
      Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE